KRISTOPHER TORGERSON,

        Petitioner,

                                      Case No. 25-cv-1665-pp

  v.

CHRIS BUESGEN,

        Respondent.

---

**ORDER GRANTING PETITIONER'S MOTION FOR LEAVE TO PROCEED WITHOUT PREPAYING FILING FEE (DKT. NO. 3), GRANTING PETITIONER'S MOTION TO STAY *HABEAS* PROCEEDINGS (DKT. NO. 7), DENYING WITHOUT PREJUDICE PETITIONER'S MOTION TO EXPAND RECORD (DKT. NO. 15), DENYING WITHOUT PREJUDICE PETITIONER'S MOTION TO APPOINT COUNSEL AND FOR AUTHORIZATION OF EXPERT SERVICES (DKT. NO. 16), DENYING WITHOUT PREJUDICE PETITIONER'S MOTION FOR ELECTRONIC FILING ACCESS AND TO DESIGNATE SPOUSE AS NEXT FRIEND (DKT. NO. 18) AND ADMINISTRATIVELY CLOSING CASE**

---

On October 28, 2025, the petitioner, who is representing himself and is incarcerated at Stanley Correctional Institution, filed a petition for a writ of *habeas corpus* under 28 U.S.C. §2254, challenging his 2017 judgment of conviction in Marathon County Circuit Court (in the Western District of Wisconsin) for first-degree intentional homicide and hiding a corpse. Dkt. No. 1. The petitioner initially raised four claims—three suggesting that the prosecutors, state public defender's office and the court had various conflicts, id. at 6-8, and a fourth asserting that the state's forensic expert lied on the stand, id. at 9. On the same day that the court received the petition, it received

1

from the petitioner a "supplement" raising an additional twelve claims (for a total of sixteen claims). Dkt. No. 2.

The petitioner also has filed a motion to proceed without prepaying the filing fee, dkt. no. 3, a motion to stay *habeas* proceedings, dkt. no. 7, a motion to expand the record, dkt. no. 15, a motion to appoint counsel and for authorization of expert services, dkt. no. 16, and a motion for electronic filing access and to designate spouse as next friend, dkt. no. 18. As the court will explain below, the petitioner filed his petition in the wrong federal judicial district. As the court also explains below, the petitioner admits that he failed to exhaust all but one of his claims before filing his federal *habeas* petition and that he has motions pending in the state court. The court will grant the petitioner's motion to stay the *habeas* proceedings so that he can exhaust his state-court remedies, and it will close the case for administrative purposes. The court will deny the petitioner's remaining motions without prejudice. If the petitioner exhausts his state court remedies and then returns to federal court, he should be aware that this Eastern District court likely will transfer the case to the Western District of Wisconsin, where it should have been filed to begin with.

## I.     Petitioner's Motion to Proceed Without Prepaying the Filing Fee (Dkt. No. 3)

Before he can proceed on a §2254 petition, the petitioner first must pay a $5 filing fee. 28 U.S.C. §1914(a). The petitioner filed a motion asking the court for leave to proceed without prepaying that fee. Dkt. No. 3. His motion stated that he has no assets—no bank account, no retirement account, no

2

investments, no real estate and no valuable other assets. Id. The petitioner's trust account statement shows that as of November 25, 2025, he had a balance of $7.08 in that account, and an average monthly balance of $19.41 over the previous six months. Dkt. No. 5. Because the petitioner did not have sufficient funds in his prison trust account to cover the filing fee at the time he filed the petition and because he appears to have no reliable means of paying the filing fee in the future, the court will grant his motion to proceed without prepaying the filing fee.

## II. Rule 4 Screening

### A. Legal Standard

Rule 4 of the Rules Governing §2254 proceedings provides:

> If it plainly appears from the face of the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner. If the petition is not dismissed, the judge must order the respondent to file an answer, motion or other response within a fixed time, or to take other action the judge may order.

A court allows a *habeas* petition to proceed unless it is clear that the petitioner is not entitled to relief in the district court. At the screening stage, the court expresses no view as to the merits of any of the petitioner's claims. Rather, the court reviews the petition and exhibits to determine whether the petitioner alleges he is in custody in violation of the "Constitution or laws or treaties of the United States." 28 U.S.C. §22554(a). If the state court denied the petition on the merits, this court can grant the petition only if the petitioner is in custody as a result of: (1) "a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by

3

the United States Supreme Court," or (2) "a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding." 28 U.S.C. §2254(d).

The court also considers whether the petitioner filed within the limitation period, exhausted his state court remedies and avoided procedural default. Generally, a state prisoner must file his *habeas* petition within one year of the judgment becoming final. 28 U.S.C. §2254(d)(1)(A). In addition, a petitioner incarcerated under a state judgment must exhaust the remedies available in the state courts before the federal district court may consider the merits of his federal petition. 28 U.S.C. § 2254(b)(1)(A). If the federal district court discovers that the petitioner has included in his federal petition an unexhausted claim, the petitioner either must return to state court to exhaust the claim or amend his federal petition to present only exhausted claims. Rose v. Lundy, 455 U.S. 509, 510 (1982).

Finally, even if a petitioner has exhausted a claim, the federal district court still may be barred from considering a claim if the petitioner failed to raise that claim in the state's highest court in a timely fashion or in the manner prescribed by the state's procedural laws. See Thomas v. McCaughtry, 201 F.3d 995, 1000 (7th Cir. 2000).

B.     Section §2241(d)

Section 2254 confers jurisdiction on federal district courts to hear *habeas* petitions from state prisoners challenging their state court convictions.

28 U.S.C. §2254. Section 2241(d) tells a petitioner in which of the ninety-four federal districts across the nation the petitioner should file such a petition:

> [w]here an application for a writ of habeas corpus is made by a person in custody under the judgment and sentence of a State court of a State which contains two or more Federal judicial districts, the application may be filed in the district court for the district wherein such person is in custody or in the district court for the district within which the State court was held which convicted and sentenced him and each of such district courts shall have concurrent jurisdiction to entertain the application.

The state of Wisconsin is divided into two federal judicial districts, the Eastern District and the Western District. 28 U.S.C. §130. Both Marathon County (where the petitioner was convicted) and Chippewa County (where the petitioner is incarcerated) are in the Western District. Under §2241(d), the petitioner should have filed his petition in the Western District.

Section 1404(a) of Title 28 allows a district court to transfer a case to "any other district or division where it might have been brought or to any district or division to which all parties have consented;" the court may make such a transfer for "the convenience of the parties, in the interest of justice." That means that this court has the authority to transfer this case to the Western District of Wisconsin because the Western District is the more convenient forum—it's where all parties and the relevant records are located. But rather than transfer the case at this point, the court will address the petitioner's request to stay the proceedings while he returns to state court to exhaust his unexhausted claims.

C.    Claims

The original petition raised four claims; the supplemental petition added twelve more. Dkt. No. 1, 2. The petitioner frames the claims as violations of his Fourteenth Amendment right to due process and his Sixth Amendment right to a fair trial. Dkt. No. 2. The petitioner argues that (1) the prosecutors who tried the case never were "properly appointed" under Wis. Stat. §978.045, which he says renders his conviction void and violates the Fourteenth Amendment; (2) the supervisor of the state public defender's office represented "adverse witnesses and alterative suspects while supervising all three of the petitioner's trial attorneys," which he says created a conflict of interest; (3) the year before presiding over the petitioner's criminal trial, the trial judge signed an *ex parte* civil order finding that the victim's death was a homicide and the post-conviction judge had a financial conflict due to managing the victim's reward fund; and (4) the state's only forensic expert provided perjured testimony regarding the toxicology testing and physical evidence by "claiming eyes were 'missing' when his report stated they were present." Dkt. No. 1 at 6-9.

In his supplement, the petitioner identified sixteen grounds for relief (including the original four): (1) prosecutorial nullity because the prosecution appointed special prosecutors in violation of the Due Process clause; (2) structural conflicts with the defender's office that violated the petitioner's Sixth Amendment right to effective assistance of counsel; (3) judicial bias and undisclosed conflicts of interest in violation of the due process clause; (4) the knowing use of false and perjured forensic testimony in violation of the due

6

process clause; (5) violation of the confrontation clause when the person who prepared the toxicology report never was called to testify even though the report was introduced at trial; (6) suppression of favorable evidence in violation of Brady v. Maryland;[1] (7) ineffective assistance of counsel on appeal; (8) systematic obstruction of access to the courts when the post-conviction judge failed to disclose his financial conflict in managing the victim's reward fund; (9) ineffective assistance of trial counsel for pursuing an insanity defense, failing to review the petitioner's *pro se* filings, fatally stipulating that the petitioner had hidden the corpse, presenting a fabricated hypothesis defense and assassinating the petitioner's character by calling him a terrible guy and his actions despicable; (10) denial of the right to testify in the petitioner's own defense; (11) the homicide charge was bound over for trial even though the court acknowledged that there was probable cause only for Count Three— hiding a corpse—in violation of the Fourth and Fourteenth Amendments; (12) misapplication of Wisconsin's third party liability standard in violation of the petitioner's due process right to present a complete defense; (13) actual innocence; (14) prejudicial pretrial publicity from a leaked, sealed warrant in violation of the petitioner's right to a fair trial by an improper jury; (15) actions taken by the Wausau Police Department and the Wisconsin Association of Homicide Investigators after the trial was set that caused prejudice to the petitioner and made it impossible to have a fair trial; and (16) structural jury

---

[1] Brady v. Maryland, 373 U.S. 83 (1963)

bias where the key prosecution witness was a nurse employed by the same healthcare system as four of the jurors. Dkt. No. 2.

Although the petitioner has raised some colorable claims under the Sixth and Fourteenth Amendments, his petition and supplement reveal that he did not exhaust any of them. In the original petition, he marked the box stating that he'd not sought review by the highest state court, dkt. no. 1 at 3, or sought *certiorari* with the U.S. Supreme Court, id. at 4. In the supplement (which was not filed on this court's form, as required by Rule 2(d) of the Rules Governing Section 2254 Cases and this court's Civil Local Rule 9(a)(1)), the petitioner included a "REASON FOR NOT EXHAUSTING STATE REMEDIES" section as to each of the sixteen claims. Dkt. No. 2. The supplement asserts that all but two of the sixteen claims it raises remain "pending" in state court. Having admitted that he has not exhausted his state remedies, the petitioner seeks a stay so that he can finish litigating in state court.

D.      Petitioner's Motion for Stay and Abeyance (Dkt. Nos. 7, 20)

As explained, a federal court cannot grant *habeas* relief until a petitioner exhausts his available state court remedies. Generally, courts consider a claim exhausted if a petitioner presents it through one "complete round of the State's established appellate review process." Woodford v. Ngo, 548 U.S. 81, 92 (2006). If a petitioner presents a claim in federal court that has not been exhausted in state court, the federal court has several options—dismiss the federal case entirely; stay the federal case to allow the petitioner to go back to state court to exhaust his remedies; or allow the petitioner to amend his petition to remove

8

the unexhausted claims. 28 U.S.C. §2254(b)(1)(A); <u>see also</u> <u>Rhines v. Weber</u>, 544 U.S. 269, 278 (2005).

A stay is available only in limited circumstances. <u>Rhines</u>, 544 U.S. at 270. The federal court may issue a stay only when (1) the petitioner demonstrates good cause for failing to exhaust his claims first in state court; (2) the unexhausted claims are not plainly meritless; and (3) the petitioner has not engaged in abusive litigation tactics or intentional delay. <u>Yeoman v. Pollard</u>, 875 F.3d 832, 837 (7th Cir. 2017) (citing <u>Rhines</u>, 544 U.S. at 277–28).

There is no dispute that the petitioner has included unexhausted claims in his petition and supplement. On March 10, 2026, the court received from the petitioner a Notice of Changed Circumstances and Supplemental Brief in Support of Motion to Stay Habeas Proceedings. Dkt. No. 20. This document is the brief that supports the request for a stay the petitioner had filed three and a half months earlier (Dkt. No. 7). The petitioner stated in the brief that the state court record now allows him to proceed with his motion for postconviction relief under Wis. Stat. §974.02; he explained that his motion needed to be filed on or about April 28, 2026. <u>Id.</u> He said that he intended to raise eighteen grounds for relief in the §974.02 motion, including prosecutorial authority defects, fabricated forensic testimony, <u>Brady</u> violations, structural defense conflicts, judicial conflicts of interest, constitutionally insufficient interest, actual innocence and ineffective assistance of appellate counsel. <u>Id.</u> It appears that the petitioner has multiple motions pending in the state circuit court, and that most recently he filed a "comprehensive supplement to motion for post-

9

conviction relief and motion to vacate judgment of conviction" that remains pending with the circuit court. <u>State v. Torgerson</u>, Marathon County Circuit Court Case No. 2014CF000860, (available at https://wcca.wicourts.gov/). The Wisconsin Court of Appeals dismissed his appeal on April 17, 2026. <u>Id.</u>

The court finds that the petitioner has demonstrated good cause for failing to first exhaust his claims: the Wisconsin Court of Appeals rejected counsel's no merit report. <u>See, *e.g.*</u>, <u>Hesser v. Tegels</u>, Case No. 20-CV-461, 2020 WL 7872014, at *1 (W.D. Wis. Oct. 21, 2020) (finding that "appellate counsel's actions appear to be good cause for [the petitioner] to not have exhausted his ineffective-assistance-of counsel claims the first time through the state-court process"). The Wisconsin Court of Appeals' ruling demonstrates that at least one of the petitioner's claims is not plainly meritless. The court of appeals was "unable to conclude that there would be no arguable merit to [the petitioner's] claim that he did not make a knowing, voluntary and intelligent waiver of his right to testify." <u>State v. Torgerson</u>, Appeal No. 2018AP2102-CRNM, 2021 WL 8534032, *1 (Wis. Ct. App. Aug. 24, 2021). And there is nothing in the record to suggest that the petitioner is engaging in abusive litigation tactics or delay.

It appears that when the petitioner filed his federal *habeas* petition, he recognized that most—if not all—of the time on the one-year *habeas* clock had run. In cursory fashion, the respondent argues that the court should deny the petitioner's motion to stay and issue an order requiring the petitioner to show cause why the court should not deem the petition untimely. Dkt. No. 9 at 3.

10

The respondent asserts that on September 17, 2023—after the Wisconsin Court of Appeals rejected defense counsel's no-merit brief and after the petitioner had received multiple extensions—the petitioner's deadline for filing a postconviction motion or notice of appeal on direct review expired and the petitioner failed to take any action until October 10, 2024. Id. at 4. The respondent states that he will address any possible exceptions to that deadline when and "if" the petitioner makes them. Id. at 5.

In his reply brief, the petitioner states that he filed a §974.06 motion on September 27, 2024 and that he had an additional thirty days to petition the Wisconsin Supreme Court, which made the deadline October 17, 2024. Dkt. No. 10 at 1. Although it appears that the petitioner was required to file by September 17, 2024, he has raised several grounds in his petition and supplement that potentially bypass the one-year limitations period.

Procedurally, the case is in an interesting posture. The petitioner filed his petition in the wrong district, but the respondent did not file a motion to dismiss or request a transfer. Instead, the respondent raised the limitation argument in opposition to a motion to stay. The petitioner filed a reply brief in support of his motion to stay but did not argue equitable tolling or actual innocence. Still, the petitioner has raised grounds in his petition, supplement and additional motions that could allow him to bypass the limitation defense. The court cannot say, on this record, that the limitation argument raised by the respondent is insurmountable. Nor can the court say that the petitioner has no avenues for relief. To avoid further delay, and to give the state courts an

11

opportunity to address the claim flagged by the Wisconsin Court of Appeals and the claims that the petitioner is raising here, the court will grant the petitioner's motion for a stay and close the case for administrative purposes while he exhausts his state court remedies.

### III. Petitioner's Motion to Expand the Record (Dkt. No. 15)

On December 16, 2025, the court received from the petitioner a motion to expand the record to include evidence that was not part of the state court record because (1) the state allegedly suppressed the information; (2) the petitioner conducted discovery after the trial and appeal; and (3) the petitioner experienced an alleged "systematic obstruction of state court proceedings by judges with disqualifying conflicts of interest." Dkt. No. 15 at 1.

The rules state that, if a petitioner "has failed to develop the factual basis of a claim in State court proceedings," a federal court can conduct an evidentiary hearing or consider evidence outside the state-court record for that claim only if —

(A) the claim relies on—

(i) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or

(ii) a factual predicate that could not have been previously discovered through the exercise of due diligence; and

(B) the facts underlying the claim would be sufficient to establish by clear and convincing evidence that but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

28 U.S.C. §2254(e)(2). Rule 7 of the Rules Governing §2254 Cases allows the court to direct the parties to expand the record by submitting additional materials *if* the petition is not dismissed. Materials that may be required include "letters predating the filing of the petition, documents, exhibits and answers under oath to written interrogatories propounded by the judge." Rule 7(b), Rules Governing Section 2254 Cases.

The petitioner's motion to expand the record is premature. The court is granting his motion to stay the federal case, which means the state courts will have the first opportunity to rule on his claims. It is possible that the state courts may grant him some or all the relief he seeks, in which case expanding the federal record would be unnecessary. If the state courts do not grant the petitioner the relief he seeks and he returns to federal court after exhausting his claims and he can overcome the procedural obstacles to filing a *habeas* petition, he may renew his motion to expand the federal record. The court will deny without prejudice the petitioner's motion to expand the record.

## IV. Petitioner's Motion to Appoint Counsel and for Authorization of Expert Services (Dkt. No. 16)

On January 6, 2026, the court received from the petitioner a motion for the appointment of "limited scope counsel" to assist with discrete tasks and for the authorization of funding for expert services. Dkt. No. 16. Specifically, the petitioner seeks funding for the following expert services: (1) a forensic pathologist to review the autopsy findings; (2) a forensic anthropologist to evaluate whether proper skeletal analysis protocols were followed; (3) a forensic toxicologist to evaluate the toxicology testing; (4) a metallurgist to evaluate the

13

knife blade fragment evidence; (5) a digital forensic/video analyst to evaluate the surveillance footage, vehicle identification claims and the existence of alternate footage showing other vehicles; (6) a domestic violence death investigation expert to evaluate whether proper protocols were followed; and (7) a judicial ethics expert to evaluate his claims. Id. at 6-7.

Because the court is closing the case for administrative purposes, and because the petitioner must exhaust his state-court claims before the court will reopen this federal *habeas* case and allow him to proceed in federal court, there will be nothing for an appointed lawyer to do in the federal court for some time. But even if the petitioner had exhausted his remedies and the court were to allow him to proceed in federal court now, he has no statutory or constitutional right to court-appointed counsel in federal civil litigation. Giles v. Godinez, 914 F.3d 1040, 1052 (7th Cir. 2019). This is particularly true in *habeas* cases. Nor does this federal court have the authority to appoint lawyers to represent people in state court. If the petitioner wants assistance with his state-court litigation, he can ask the state court to appoint him a lawyer, or he can contact the Wisconsin State Public Defender and ask for representation.

Once the petitioner completes his state-court litigation and (if he does) returns to federal court for his federal *habeas* proceeding, he may renew his request for appointment of federal counsel. The Seventh Circuit has held that although "[a] litigant is not entitled to appointed counsel in a federal postconviction proceeding," the district court "may appoint counsel if 'the interests of justice so require." Taylor v. Knight, 223 F. App'x 503, 504 (7th Cir.

14

2007) (citations omitted) (quoting 18 U.S.C. §3006A(a)(2)(B)). But the petitioner should be aware that when evaluating a motion to appoint counsel, the federal district court engages in a two-step process. Giles, 914 F.3d at 1052. First, the court determines whether the plaintiff "made a reasonable attempt to secure counsel on his own." Id. at 1053 (citing Navejar v. Iyiola, 718 F.3d 692, 696 (7th Cir. 2013)). To satisfy the first step, the court usually requires a petitioner to show that he has contacted at least three lawyers to establish that he made a reasonable attempt to hire counsel on his own and provide the court with (1) the lawyers' names, (2) their addresses, (3) how and when the petitioner attempted to contact the lawyers, and (4) the lawyers' responses. Second, the court determines "whether the difficulty of the case—factually and legally— exceeds the plaintiff's capacity as a lay person to coherently present it." Pruitt v. Mote, 507 F.3d 647, 655 (7th Cir. 2007).

Should the petitioner renew his request if and when he returns to federal court, he first will have to show this court that he made a reasonable attempt to find a lawyer on his own. Simply stating that he cannot afford counsel, or that he isn't trained in the law, will not be enough. Second, he must show why he is one of those litigants most in need of assistance to litigate his case adequately. Only when the petitioner has demonstrated both those things will the court consider attempting to recruit counsel to represent him.

For similar reasons, the court will not authorize funding for seven experts. When—if—the petitioner returns to federal court, he many renew his motions under 18 U.S.C. §3006A(e)(1).

The court will deny without prejudice the petitioner's motion for appointment of counsel and authorization for expert services.

**V.      Petitioner's Motion for Electronic Filing Access and Motion to Designate Spouse as Next Friend (Dkt. No. 18)**

On February 25, 2026, the court received from the petitioner a motion for leave to file his documents electronically and to designate his spouse as "next friend" for purposes of assisting him with filing. Dkt. No. 18 at 1. The petitioner explains that he is deaf and without access to the "hardware and software necessary to electronically file documents through the court's CM/ECF system." Id. He says that his hearing disability impacts his ability to communicate with court staff by telephone when "resolving filing issues, confirm receipt of documents or address procedural questions." Id. at 2. Additionally, he says that the costs associated with filing paper create a financial burden. Id.

This district requires attorneys to file documents electronically using the Case Management/Electronic Case Files system, also known as CM/ECF. General Local Rule 5(a)(2) (E.D. Wis.) exempts self-represented parties from the district's electronic filing requirements. Section I(A)(1) of this court's Electronic Case Filing Policies and Procedures Manual states that parties who are representing themselves cannot file electronically unless authorized by the court. Electronic Case Filing Policies and Procedures Manual (available at https://www.wied.uscourts.gov/e-filing/ecf-policies-and-procedures). This court does not grant a self-represented party leave to file electronically unless that party can show extraordinary circumstances. At this point, there is no

16

need for the petitioner to file electronically because the court is closing this case for administrative purposes. There will be nothing to file in federal court until the petitioner has fully exhausted his state-law claims and then only if he seeks to have this federal case reopened. The petitioner may ask the state courts for permission to file electronically there, and/or appoint to his wife as "next friend," but there is no reason for this federal court to grant such a request when the federal case is administratively closed. The court will deny without prejudice the petitioner's instant motion for electronic filing access and to designate his spouse as next friend.

## VI. Conclusion

The court **GRANTS** the petitioner's motion for leave to proceed without prepaying the filing fee. Dkt. No. 3.

The court **GRANTS** the petitioner's motion to stay *habeas* proceedings. Dkt. No. 7. The court **ORDERS** that this case is **ADMINISTRATIVELY CLOSED** until further order of the court.

The court **ORDERS** that within thirty days after the conclusion of his state court proceedings, the petitioner must file a motion in this case (captioned "Motion to Reopen"), informing the court that the state court proceedings are finished and asking the court to reopen the federal case. Once the court receives that motion, the court will reopen the case, with the parties retaining all rights they would have had the case not been closed for administrative purposes. The petitioner will have the benefit of the original filing date. (The court reiterates that if the petitioner files such a motion to

17

reopen, it is likely that the court will transfer the case to the Western District of Wisconsin.)

The court **DENIES WITHOUT PREJUDICE** the petitioner's motion to expand the record. Dkt. No. 15.

The court **DENIES WITHOUT PREJUDICE** the petitioner's motion to appoint counsel and motion for authorization of expert services. Dkt. No. 16.

The court **DENIES WITHOUT PREJUDICE** the petitioner's motion for electronic filing access and to designate spouse as next friend. Dkt. No. 18.

Dated at Milwaukee, Wisconsin, this 20th day of May, 2026.

**BY THE COURT:**

_____

**HON. PAMELA PEPPER**
**Chief United States District Judge**

18